UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| PATRICIA PIETRASZEWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>   Defendant. | Case No.: 15-cv-66<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Patricia Pietraszewski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a personal credit card debt.

5. Defendant GC Services Limited Partnership ("GC Services") is a foreign limited partnership with its primary offices located at 6330 Gulfton, Houston, TX 77081.

6. GC Services is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. GC Services is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. GC Services is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or around December 24, 2014, GC Services mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Citibank, N.A." A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was an alleged credit card debt, allegedly owed to Citibank and used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

11. Exhibit A contains the following text:

> Our client has authorized us to offer you the opportunity to settle your account. Instead of paying the full balance due on your account, you can pay 50% of the total amount due and our client will consider this account settled.
>
> To take advantage of this offer, contact our office or mail your remittance, in the form of a cashier's check or money order, in the exact amount of $412.27. Please note the payment must be for the express amount stated in the prior sentence and must be received no later than 14 days from the date of this letter or this offer will become null and void.

Exhibit A.

12. GC Services purports to offer a settlement of 50% of the alleged total debt amount due.

13. Exhibit A falsely states or implies that the purported settlement offer expires, by stating that the payment of 50% of the alleged balance "must be received no later than 14 days from the date of this letter or this offer will become null and void."

2

14. Upon information and belief, GC Services had authority from the creditor to settle consumers' accounts for 50% of the amount owed, or less, at any time.

15. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

16. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

17. GC Services' false statement is particularly egregious here. The letter purports to require that a settlement payment be *received* by "14 days from the date of this letter." Exhibit A is ambiguous as to whether that time limit is from the date printed on the letter or the date that the consumer receives the letter.

18. Further, it is unclear whether a settlement payment sent close to the "deadline" would be accepted as settlement of the debt. A consumer would not know whether they owed nothing or 50% or some other amount, at GC Services' and Citibank's whim.

19. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

20. Defendant did not use the safe harbor language in Exhibit A.

3

21. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

22. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

24. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## COUNT I – FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. Exhibit A includes false statements to the effect that the settlement offer is for a limited time only.

27. Upon information and belief, the creditor and/or GC Services would settle Plaintiff's and Class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

28. GC Services violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## COUNT II – FDCPA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. Exhibit A includes false statements to the effect that the settlement offer expires on a specific date.

31. Upon information and belief, the creditor and/or GC Services would settle Plaintiff's and Class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

32. GC Services violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after January 19, 2014, (e) that was not returned by the postal service.

34. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

36. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 19, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com